AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

FILED
RECEIVED

2022 DEC -1 AM 11: 25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Manuel Antonio Silva
*Petitioner*

v.

Case No. 5:22-cv-629-WFJ-PRL
*(Supplied by Clerk of Court)*

Warden, F.C.C. Coleman-Low
*Respondent*
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Manuel Antonio Silva
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: Federal Correctional Complex Coleman-Low
   (b) Address: P. O. Box 1031
   Coleman, FL 33521
   (c) Your identification number: 68893-018
3. Are you currently being held on orders by:
   ☐ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court of Florida, Middle District, Tampa Division
   (b) Docket number of criminal case: 17-CR-00308-CEH-TGW
   (c) Date of sentencing: April 4, 2018
   ☐ Being held on an immigration charge
   ☐ Other (explain):

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other *(explain)*: <u>Challenging being Eligible for receiving time credits under the First Step Act (FSA), and also applying those time credits earned.</u>

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: <u>Bureau of Prisons, Warden, F.C.C. Coleman-Low</u>
   (b) Docket number, case number, or opinion number: _____
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: _____
   (d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes     ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes     ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☐ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☐ No
If "Yes," answer the following:
    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
        ☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☐ No
If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    If "Yes," provide:
    (1) Date of filing: _____
    (2) Case number: _____
    (3) Result: _____
    (4) Date of result: _____
    (5) Issues raised: _____

    (d)  Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes        ☐ No
        If "Yes," provide:
        (1) Name of court: _____
        (2) Date of filing: _____
        (3) Case number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

12.  **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes    ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

Page 6 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Petitioner is Eligible to receive and apply time credits earned under the law pursuant to the First Step Act (FSA).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
First Step Act (FSA), signed into law made Petitioner's offense Eligible to receive and apply those time credits earned under the law.

See Memorandum of law attachede hereto in Support

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes     ☐ No

GROUND TWO: _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes     ☐ No

GROUND THREE: _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes     ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes              ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

## Request for Relief

15. State exactly what you want the court to do:   Petitioner respectfully request this Honorable Court to Order the Bureau of Prisons to update Petitioner's status in their system as being Eligible to receive and apply those time credits earned to the 78-month sentence ONLY.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11-22-2022

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Manuel Antonio Silva,
    Petitioner,

v.                                      Case No.
                                          To Be Supplied By Clerk

Warden, F.C.C. Coleman-Low
    Respondent,

## MEMORANDUM OF LAW IN SUPPORT OF THE
## FIRST STEP ACT TIME CREDITS 28 U.S.C. 2241

    Comes Now, Manuel Antonio Silva, the Petitioner, pro se, See Haines v. Kerner, 404 U. S. 519, 520-21 L. Ed. 2d 652, 92 S. Ct. 594 (1972). The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. See also Erickson v. Pardus, 551 U. S. 89, 94 (2007). Filings of a pro se defendant must be construed more liberally than formal pleadings drafted by lawyers.

### I. PROCEDURAL HISTORY

    On June 21, 2017, an indictment was returned in open court as to Petitioner and charged Petitioner with 21 U.S.C. 846, 841(A)(1) and 841(B)(1)(B) Attempted Possession with intent to distribute 500 grams or more of Cocaine, and also charged with 18 U.S.C. 924(c), Possession of a firearm in furtherance of a drug trafficking crime. See (DE. # 31). Petitioner in this case pleaded guilty pursuant to a plea agreement to the charges. See (DE. # 94, 95, filed January 29, 2018). Petitioner in this case was ultimately sentenced to a term of 78-months for the drug offense, and was sentenced to a term of 60-months for the 924(c), conviction to run consecutive to the 78-month sentence on April 27, 2018. See United States District Court MIddle district of Florida, Tamapa Division Case No. 17-CR-00308-CEH-TGW.

Page 1 of 5

## II. ADMINSTRATIVE REMEDIES EXHAUSTION REQUIREMENT

(1). Petitioner in this case sent some electronic emails Request To Staff that Petitioner will use as <u>evidence</u> in his case that prison officials failed to provide Petitioner with the neccessary forms to start the administrative remedy process which makes the administrative remedy process unavailable. Petitioner in this case sent an electronic email on November 13, 2022, requesting a BP-8, form after he had been denied the BP-8, form from prison officials within his Unit Team in Unit A-1. Specifically, Petitioner requested that his Unit Manager Mrs. Ruiz, provide Petitioner with the BP-8, form. Petitioner specifically stated: "I am sending this electronic email requesting that you Mrs. Ruiz the Unit A-1 Manager to provide me with a BP-8. If I do not receive a response back in regards of my electronic request this will be considered you denying me the BP-8 again". See Exhibit # 1 (Electronic Email Request To Staff dated 11-13-2022). The Unit Manager in A-1 Unit, never responded to this email.

(2). Petitioner in this case sent a second electronic email to the Unit A-1, Unit Manager Mrs. Ruiz. Petitioner sent this email 4 days later after he did not get a response back from the first email sent on November 13, 2022. Petitioner sent this email on November 17, 2022, which Petitioner stated in this email that: "So I am putting you on notice that I am using this email as evidence in my case because I want to go to court and you are stopping me from taking advantage of the procedures that I have to go through in order to go to court the BP-8 form then I have to do the BP-9 and so forth to have my status updated and the time credits applied to my sentence so that I can be released early in accordance with the law". See Exhibit # 2 (Electronic Email Request To Staff dated 11-17-2022). The Unit Manager in A-1, never responded to this email.

(3). BOP Policy states that an inmate "shall obtain the appropriate form to file a grievance, Section 542.14(c), which demonstrates that the form is required to seek any form of administrative remedy. Prison staff refuse to provide the BP-8 form therefore it is difficult to say that the procedure is "available" to the Petitioner. Other circuits agree. See <u>Hill v. Snyder</u>, 817 F.3d 1041, 1041 (7th Cir. 2016)("Exhustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms neccessary to file an administrative grievance."); <u>Dale v. Lappin</u>,

376 F.3d 652, 656 (7th Cir. 2004)("If prison employess refuse to provide inmates with those forms requested, it is difficult to understand how the inmate has available remedies."); <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (8th Cir. 2003) (suggesting that remedies were not available where "prison officials denied [the prisoner] the necessary grievance forms"); <u>Miller v. Norris</u>, 247 F.3d 736, 738-40 (8th Cir. 2001)(holding that allegations of prison officials' failure to the request for grievance forms" were sufficient to raise a genuine issue as to the availability of the administrative remedies). Therefore, the administrative remedies are unavailable in Petitioner's case in accordance with the law because prison officials refuse to provide the necessary forms to start the process the administrative remedies should be exhausted in Petitioner's case because the administrative remedies is unavailable.

### III. <u>FIRST STEP ACT OF 2018 SIGNED INTO LAW</u>

(1). On December 21, 2018, the First Step Act, was signed into law for federal prisoners to earn time credits for participating in evidence-based recidivism reduction programming or productive activities. See 18 U.S.C. 3632 (4)(A)(i)(ii) A prisoner <u>shall</u> earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive risk assessments, has not increased their risk of recidivism, <u>shall</u> earn an additional 5 days of time credits for every 30 days of succsseful participation in evidence-based recidivism reduction programming or productive activitites.

(2). Petitioner asserts that his risk assessment is considered a <u>low</u> risk for recidivism. Therefore, according to the law under the First Step Act (FSA), Petitioner <u>shall</u> earn 15 days a month for every 30 days of successful participating in recidivism reduction programming.

### IV. <u>FIRST STEP ACT ELIGIBILITY</u>

(1). Petitioner in this case was sentenced to a term of 78-months for Attempted Possession with Intent to distribute 500 grams or more of Cocaine,

21 U.S.C. 846, 841(A)(1) and 841(B)(1)(B). This offense according to the (FSA), signed into law in 2018, is an <u>Eligible</u> offense to earn and apply time credits. See 18 U.S.C. 3632(D) Ineligible prisoners, which list numerous offenses that are <u>ineligible</u> to receive and <u>apply</u> the time credits under the law under the (FSA).

(2). Petitioner was also charged with 18 U.S.C. 924(c), to a term of 60-months imprisonment, in which Petitioner in this case has already completed the 60-month sentence. Title 18 U.S.C. 924(c)(1)(D)(ii) provides that notwithstanding any other provision of law:

> no term of imprisonment imposed on a person under this subsection <u>shall</u> run concurrently with any other term of imprisonment imposed on a person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed. 18 U.S.C. 924(c)(1)(D)(ii). The Court of Appeals for the Eleventh Circuit has held that a 924(c) sentence must be served before a sentence for the underlying offense. See <u>United States v. Brundidge</u>, 170 F.3d 1350, 1354 (11th Cir. 1999) (noting that "Section 924(c) sentence must be served before a sentence for the underlying offense"); <u>Jackson v. United States</u>, 976 F.2d 679, 682 (11th Cir. 1992).(finding that legistrative history of 924(c) indicates Congress intended that the mandatory non-parolable sentence be served first, followed by the sentence for the underlying offense); <u>United States v. Briscoe</u>, 724 F. App'x 796, 798-99 (11th Cir. 2018)(recognizing that a mandatory sentence, under 924(c) must be served before any other sentence, including any term of imprisonment for the underlying crime); <u>United States v. Player</u>, 484 F. App'x 409, 411 (11th Cir. 2012)(same).

(3). Petitioner in this case argues that the language of the 18 U.S.C. 924(c), simply requires any mandatory minimum sentence under 924(c) to be imposed to run consecutively to any other sentence, and the 924(c) sentence is be to served first. Since, Petitioner in this case has completed the 924(c), consecutive sentence he <u>shall</u> be <u>eligible</u>   earn and to be able

apply the time credits earned in accordance with law for the sentence of 78-months.

## REQUESTED RELIEF

Therefore, Petitioner respectfully request this Honorable Court to Order the Bureau of Prisons to update Petitioner's status in their system as being Eligible to receive and apply those time credits earned to the sentence of 78 -months ONLY in accordance with the law under the (FSA), because the Petitioner is no longer serving the sentence for the 924(c) offense which ran consecutive to the other sentence of 78-months.

## CERTIFICATE OF SERVICE

I, Manuel Antonio Silva, hereby certify that the foregoing instrument has been forwarded to the below listed individual VIA, U. S. mail delivered to the institutional mail room.

Respectfully Submitted this 22nd day of November 2022.

Served: U. S. Attorney's Office, Ocala, FL
        Middle District of Florida
        35 S. E. Avenue, Suite 300
        Ocala, FL 34471

_Manuel Silva_
Manuel Antonio Silva # 68893-018
F.C.C. Coleman-Low
P. O. Box 1031
Coleman, FL 33521

TRULINCS 68893018 - SILVA, MANUEL ANTONIO - Unit: COL-A-A

Exhibit # 1

FROM: 68893018
TO: COL- Units A1/A2
SUBJECT: ***Request to Staff*** SILVA, MANUEL, Reg# 68893018, COL-A-A
DATE: 11/13/2022 07:19:42 PM

To: Mrs. Ruiz
Inmate Work Assignment: Unicor

I have been trying to get a BP-8, from the entire Unit Team to start my administrative remedy so that I can go to court to get my status updated in the system as being Eligible to receive time credits under the First Step Act (FSA). I spoken to Ms. Hadley and she advised me to come to you to get the BP-8. Our last conversation you advised me that you were going to handle my situation concerning my status for being Eligible and I have not heard anything from you it has been over 1 month since we last talked and my status is still not updated. I also spoke to Mr. Felton my Case Manager and asked him about the BP-8 and he advised me if I asked him again he was going to write me a shot and kick me out of the Unit. I am sending this electronic email requesting that you Mrs. Ruiz the Unit A-1 Manager to provide me with a BP-8. If I do not receive a response back in regards of my electronic request this will be considered you denying me the BP-8 again. I am just trying to get my status updated in the system as being Eligible to receive the time credits that is all. Have a nice day thank you.

```
28 U.S.C. 1746
I declare (or certify, verify, or state) under penalty of perjury that the
foregoing is true and correct. Executed on: 11-22-2022.
```

_____
Signature

TRULINCS 68893018 - SILVA, MANUEL ANTONIO - Unit: COL-A-A         Exhibit #2

----------------------------------------------------------------------------------------

FROM: 68893018
TO: COL- Units A1/A2
SUBJECT: ***Request to Staff*** SILVA, MANUEL, Reg# 68893018, COL-A-A
DATE: 11/17/2022 11:27:32 AM

To: Unit Manager Mrs. Ruiz
Inmate Work Assignment: Unicor

Hello Mrs. Ruiz, I am respectfully requesting that you or someone from my Unit Team to provide me with the BP-8, so that I can start the administrative remedy process to have my status update in your system as being eligible to receive and apply the time credits under the law under the First Step Act. This is my second electronic request requesting that you or someone in my Unit Team to provide me with the BP-8. Right now the Bureau of Prisons is in violation of the law by not updating my status as being eligible to receive and apply the time credits. My offense is an eligible offense to receive and apply those time credits in accordance with the law. If you do not respond to my request to provide me with the BP-8, this will be considered a denial of my BP-8. So I am putting you on notice that I am using this email as evidence in my case because I want to go to court and you are stopping me from taking advantage of the procedures that I have to go through in order to go to court the BP-8 form then I have to do the BP-9 and so forth to have my status updated and the time credits applied to my sentence so that I can be released early in accordance with the law. Thank you for your time have a nice day.

28 U.S.C. 1746
I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on: 11-22-2022.

_Manuel Silva_
Signature