UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MANUEL ANTONIO SILVA**,

    Plaintiff,

v.                                              CASE NO. 5:22-CV-629-WFJ-PRL

**WARDEN, FCC COLEMAN - LOW**,

    Defendant.
_____/

## ORDER

Before the Court is Manuel Antonio Silva's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1), the Warden of FCC Coleman – Low's ("Respondent") Response (Dkt. 8), and Petitioner's Reply (Dkt 11). After careful consideration, the Court denies the Petition.

## BACKGROUND

In February 2018, Petitioner pled guilty to: (1) attempting to possess and distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and (2) possessing a firearm in connection with his drug trafficking offense, in violation of 18 U.S.C. § 924(c). Cr. Dkt. 99 at 1; Cr. Dkt. 102 at 1.[1] He

---

[1] Petitioner's criminal case number is 8:17-cr-00308-CEH-TGW. References to Petitioner's criminal docket are denoted "Cr. Dkt."

was sentenced to 78 months for the drug offense and 60 months for the firearm offense, to run consecutively. Cr. Dkt. 129 at 2.

Petitioner's 924(c) offense renders him ineligible to earn time credits under the First Step Act. 18 U.S.C. § 3632(d)(4)(D). He nevertheless believes that, because he completed the 60-month consecutive sentence for that offense, he is now eligible to begin earning credits during his remaining 78 months of incarceration. Dkt. 1 at 4–5. After attempting to exhaust his administrative remedies, *see* Endorsed Order at Dkt. 7, he filed the instant Petition and asked to be declared eligible to earn time credits. Dkt. 1 at 6. For the reasons set out below, the Court denies the Petition.

## ANALYSIS

The First Step Act permits eligible prisoners to earn time credits for participating in certain evidence-based recidivism reduction programs or productive activities. 18 U.S.C. § 3632(d)(4)(A). While most prisoners are eligible, those serving a sentence for certain crimes are not. § 3632(d)(4)(D). Section 3632 provides that:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . .

*Id.* Among the list of disqualifying offenses is a violation of 18 U.S.C. § 924(c). *Id.* Essentially, the question before the Court is the definition of the word "sentence"

in § 3632. Does "sentence" refer to a prisoner's single, aggregated term of incarceration—i.e., the entire time the prisoner is in custody? Or does it refer only to the term of years given for the 924(c) offense?

The distinction matters to Petitioner, because in the Eleventh Circuit "a § 924(c) sentence must be served before a sentence for the underlying offense." *U.S. v. Brundidge*, 170 F.3d 1350, 1354 (11th Cir. 1999). Petitioner was sentenced to 60 months for his 924(c) conviction, and he has completed that time. Dkt. 1 at 4. Thus, if "sentence" in § 3632(d)(4)(D) means only the term of years assigned for the 924(c) offense, Petitioner is eligible to earn time credits for the remainder of his incarceration. But if, as Respondent argues, "sentence" means a single, aggregated term of imprisonment, Petitioner will remain ineligible for the duration of his time in prison. Dkt. 8 at 4–5.

The Court ultimately agrees with Respondent. 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Provision of time credits, like those earned under § 3632, is an administrative function of the Bureau of Prisons ("BOP"). *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021); *Moreno v. Ives*, 842 F. App'x 18, 21–22 (9th Cir. 2020); *see also U.S. v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018)

(describing "computing inmates' credit for time served" as the BOP's administrative duty). Because § 3632(d)(4)(D) addresses inmates' eligibility to earn time credits, the provision of which is an administrative function, it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate. Therefore, the Court finds that Petitioner is serving a single, aggregated sentence that includes his 924(c) conviction, rendering him ineligible to earn time credits for his entire term of imprisonment.

In so finding, the Court joins numerous district courts that have held the same. *E.g., Giovinco v. Pullen*, No. 3:22-cv-1515, 2023 WL 1928108, at *3 (D. Conn. Feb. 10, 2023); *Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *2–6 (D. Minn. Oct. 26, 2022), report and recommendation adopted, 2022 WL 17128929 (D. Minn. Nov. 22, 2022). But the Court declines to frame the issue, as Respondent and some sister courts have done, as one of deference to the BOP. While § 3632 may appear to be silent as to the meaning of "sentence," the Court's interpretation is the only one that harmonizes sections 3632 and 3584. *Frommie v. Fed. Bureau of Prisons*, 4:22-CV-04082-LLP, 2022 WL 18399537, at *3–4 (S.D. Aug. 23, 2022); *see also Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1225 (11th Cir. 2014) (instructing courts to read statutes in harmony whenever possible);

Naturally, if the Court were to conclude that § 3632 is silent or ambiguous, it would go on to defer to the BOP's reasonable interpretation of "sentence" as a

single, aggregated term. *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *2 (Kan. Mar. 7, 2023). But deference is not necessary where, as here, the BOP's interpretation is not only reasonable, but "required" by § 3584. *Sok*, 2022 WL 17156797, at *6. When only one interpretation is permissible, the statute is not ambiguous.

Petitioner relies on Eleventh Circuit precedent holding that "a § 924(c) sentence must be served before a sentence for the underlying offense." *Brundidge*, 170 F.3d at 1354. Yet none of these cases is on point because none addresses the BOP's administrative function, meaning that none implicates § 3584. *U.S. v. Briscoe*, 724 F. App'x 796, 799 (11th Cir. 2018) (addressing a sentence modification); *U.S. v. Player*, 484 F. App'x 409, 411 (11th Cir. 2012) (same); *Jackson v. U.S.*, 976 F.2d 679, 682 (11th Cir. 1992) (discussing the impact of imposing the 924(c) sentence first on parole). The interaction of sections 3632 and 3584 is central to defining "sentence" in § 3632. The BOP is statutorily mandated to aggregate sentences for administrative purposes. § 3584(c). Calculating time credits, including those earned under § 3632, is an administrative function of the BOP. *Id.* Thus, for the purposes of § 3632, Petitioner is serving a single, aggregated sentence that encompasses his 924(c) conviction. He is ineligible to earn time credit.

5

It is therefore **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment for Respondent, terminate any pending motions and deadlines, and close the case. Because a federal prisoner does not require a certificate of appealability to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), the Court will neither issue nor decline certification.

**DONE AND ORDERED** at Tampa, Florida, on January 9, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Pro Se Party