UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MANUEL ANTONIO SILVA,

    Petitioner,

v.                                    Case No: 5:22-cv-629-WFJ-PRL

WARDEN, FCC COLEMAN LOW,

    Respondent.

## ORDER

This cause comes before the Court on Petitioner's Motion for Reconsideration. (Doc. 14).

### Background

In February 2018, Petitioner pled guilty to: (1) attempting to possess and distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and (2) possessing a firearm in connection with his drug trafficking offense, in violation of 18 U.S.C. § 924(c). *See* Case 8:17-cr-308-CEH-TGW (M.D. Fla.) ("Criminal Case") at Docs. 99 and 102. He was sentenced to 78 months for the drug offense and 60 months for the firearm offense, to run consecutively. (Doc. 129 at 2, Criminal Case).

Petitioner's 924(c) offense renders him ineligible to earn time credited under the First Step Act. 18 U.S.C. § 3632(d)(4)(D). In December 2022, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 asserting that he is now eligible to begin earning credits because he has completed his 60-month term for the firearm

offense. (Doc. 1 at 4–5). The Court denied the petition and found that Petitioner was serving a single, aggregated sentence that includes his 924(c) conviction rendering him ineligible to earn time credits for his entire term of imprisonment. (Doc. 12 at 4). This finding was based on 18 U.S.C. 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id*. at 3. The Court further "decline[d] to frame the issue, as Respondent and some sister courts have done, as one of deference to the BOP." *Id*. at 4.

## Analysis

Petitioner does not cite a rule of procedure that permits the relief he seeks in his motion. *See* Doc. 14. However, the Eleventh Circuit has recognized that, after entry of final judgment, a party seeking reconsideration of an order proceeds under "either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment or order)." *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). A motion to alter or amend a judgment, pursuant to Rule 59(e), must be filed within twenty-eight days of entry of the judgment. *See* Fed. R. Civ. P. 59(e). Because Petitioner filed his motion beyond the twenty-eight day window, the Court will construe his motion as one seeking relief under Rule 60(b). *See Succullo v. United States*, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017) (explaining that motions for reconsideration filed within twenty-eight days of a court's judgment fall under Rule 59(e), while those filed after the twenty-

eight-day period fall under Rule 60(b)); *see also Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir.1997) ("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60—regardless of how the motion is styled by the movant-depending on the type of relief sought."); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003).

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

In his motion, Petitioner claims that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. ____ (2024), which overruled *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984),[1] is an intervening change in controlling law. (Doc. 14 at 2–3). However, when denying the petition, the

---

[1] The *Chevron* deference doctrine directed courts to defer to an agency's reasonable interpretation of an ambiguity in a law that the agency enforces.

Court specifically found that the §§ 3632 and 3584 were not ambiguous and did not defer to the BOP's interpretation. (Doc. 12 at 4–5). Thus, Petitioner has not raised any arguments warranting reconsideration or amendment of the judgment denying his petition.

## Conclusion

Petitioner's Motion (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 31, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party
Counsel of Record